| PROB 22<br>(Rev. 2/88) | DOCKET NUMBER *(Tran. Court)*<br>CR104-00021-001 |
|---|---|
| **TRANSFER OF JURISDICTION** | W07CR010 <br> DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Michael Moore<br>1162 Golf Course Road, Apt. 39<br>Copperas, Texas 76522 | DISTRICT<br><br>Southern District of Georgia | DIVISION<br><br>Augusta  **FILED**<br>JAN 2 5 2007<br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY _____ DEPUTY CLERK |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>Honorable W. Leon Barfield | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>May 18,<br>2004 | TO<br>May 17,<br>2007 |

**OFFENSE**

Operating a vehicle under the influence of alcohol and Assault (18 U.S.C. § 7 &13))

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

---

UNITED STATES DISTRICT COURT FOR THE  Southern District of Georgia

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Western District of Texas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_January 3, 2007_
Date

_W. Leon Barfield_
*United States Magistrate Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

---

UNITED STATES DISTRICT COURT FOR THE  Western District of Texas

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_1-9-07_
*Effective Date*

_Jeff C. Manske_
*United States Magistrate Judge*

CLOSED

# U.S. District Court
## Southern District of Georgia (Augusta)
### CRIMINAL DOCKET FOR CASE #: 1:04-cr-00021-WLB-ALL
### Internal Use Only

Case title: USA v. Moore | Date Filed: 04/05/2004

Assigned to: Magistrate Judge W. Leon Barfield

ATTEST: A TRUE COPY
_____ a\|\|r _____, 20 _9r_
_\[signature\] Wider_
Deputy Clerk

### Defendant

**Michael W. Moore** (1)
*TERMINATED: 06/15/2004*

represented by **William J. Marcum**
3540 Wheeler Rd.
Suite 617
Augusta, GA 30909
706/729-0600
Fax: 706/729-0072(fax)
*TERMINATED: 06/15/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

### Pending Counts

18:13-7210.M TRAFFIC OFFENSES, DRUNKEN DRIVING
(4)

18:113E.P ASSAULT WITHIN SPECIAL MARITIME OR TERRITORIAL JURISDICTION
(5)

### Disposition

24 MONTHS PROBTION AS TO COUNT 4 and 12 MONTHS PROBATION AS TO COUNT 5 CONSECUTIVE TO COUNT 4; 40 HOURS COMMUNITY SERVICE; 10 DAYS HOME CONFINEMENT; $30 SPECIAL ASSESSMENT; $750.00 FINE.

24 MONTHS PROBTION AS TO COUNT 4 and 12 MONTHS PROBATION AS TO COUNT 5 CONSECUTIVE TO COUNT 4; 40 HOURS COMMUNITY SERVICE; 10 DAYS HOME CONFINEMENT; $30 SPECIAL ASSESSMENT; $750.00 FINE.

### Highest Offense Level (Opening)

Misdemeanor

**Terminated Counts**                                          **Disposition**

18:13-7220.P TRAFFIC OFFENSES:
Expired auto registration.                                     DISMISSED.
(1)

18:13-7220.M TRAFFIC OFFENSES:
Fleeing and eluding.                                           DISMISSED.
(2)

18:13-7210.M TRAFFIC OFFENSES,
DRUNKEN DRIVING                                                DISMISSED.
(3)

**Highest Offense Level (Terminated)**

Misdemeanor

**Complaints**                                                 **Disposition**

None

---

**Plaintiff**

**United States of America**              represented by    **Ryan D. Chandlee**
*TERMINATED: 06/15/2004*                                    Office of the Staff Judge Advocate
                                                            Criminal Law Division
                                                            419 "B" St.
                                                            ATTN: ATZH-JAM
                                                            Ft. Gordon, GA 30905
                                                            706/791-3079
                                                            Fax: 706/791-1545(fax)
                                                            *TERMINATED: 06/15/2004*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/05/2004 |   | **Added Government Attorney Ryan D. Chandlee (esi) (Entered: 04/05/2004) |
| 04/05/2004 | 1 | INFORMATION as to Michael W. Moore (1) count(s) 1, 2, 3-4, 5 (esi) (Entered: 04/05/2004) |
| 04/05/2004 | 2 | Penalty Certification by USA as to Michael W. Moore (esi) (Entered: 04/05/2004) |
| 04/27/2004 | 3 | CERTIFICATE OF DISCLOSURE by USA (esi) (Entered: 04/27/2004) |
| 04/27/2004 |   | Initial appearance as to Michael W. Moore held (Defendant informed of rights.) (esi) (Entered: 04/27/2004) |
| 04/27/2004 | 4 | CONSENT to Trial by Magistrate by Michael W. Moore (esi) (Entered: |

| | | |
|---|---|---|
| | | 04/27/2004) |
| 04/27/2004 | | Arraignment as to Michael W. Moore held Not guilty plea entered. (esi) (Entered: 04/27/2004) |
| 04/27/2004 | 4 | WAIVER of Right to Trial by Jury by Michael W. Moore (esi) (Entered: 04/27/2004) |
| 04/27/2004 | 4 | WAIVER of Minimum Time to Trial by Michael W. Moore (esi) (Entered: 04/27/2004) |
| 04/27/2004 | 5 | ORDER Setting Conditions of Release as to Michael W. Moore ( Signed by Magistrate Judge W. Leon Barfield ); OR release. (esi) (Entered: 04/27/2004) |
| 04/27/2004 | | **Added for Michael W. Moore Attorney William J. Marcum; retained. (esi) (Entered: 04/27/2004) |
| 05/18/2004 | 6 | Plea Agreement as to Michael W. Moore (esi) (Entered: 05/20/2004) |
| 05/18/2004 | 6 | Plea Agreement Accepted as to Michael W. Moore ( by Magistrate Judge W. Leon Barfield ) (esi) (Entered: 05/20/2004) |
| 05/18/2004 | | Change of Plea Hearing as to Michael W. Moore held (esi) (Entered: 05/20/2004) |
| 05/18/2004 | 7 | CHANGE OF PLEA entered by Michael W. Moore . Court accepts plea. Guilty: Michael W. Moore (1) count(s) 4, 5 Nolle Pros 1,2,3. (Terminated motions: ) (esi) (Entered: 05/20/2004) |
| 05/18/2004 | | Sentencing held Michael W. Moore (1) count(s) 4, 5 (esi) (Entered: 05/20/2004) |
| 06/15/2004 | 8 | JUDGMENT Michael W. Moore (1) count(s) 4, 5 . 24 MONTHS PROBTION AS TO COUNT 4 and 12 MONTHS PROBATION AS TO COUNT 5 CONSECUTIVE TO COUNT 4; 40 HOURS COMMUNITY SERVICE; 10 DAYS HOME CONFINEMENT; $30 SPECIAL ASSESSMENT; $750.00 FINE; COUNTS 1,2 AND 3 OF THE INFORMATION ARE DISMISSED. Michael W. Moore (1) count(s) 1, 2 , 3 . DISMISSED. ( Signed by Magistrate Judge W. Leon Barfield ) party Michael W. Moore, party USA (esi) (Entered: 06/29/2004) |
| 06/15/2004 | | DISMISSAL of Count(s) on Government Motion as to Michael W. Moore party Michael W. Moore party USA Counts Dismissed: Michael W. Moore (1) count(s) 1, 2, 3 (esi) (Entered: 06/29/2004) |
| 06/15/2004 | | **Case closed Michael W. Moore (all defendants). (esi) (Entered: 06/29/2004) |
| 08/09/2004 | 9 | ORDER as to Michael W. Moore on petition on probation and supervised release granting petition that unmonitored home confinement satisfied the condition of judgment.( Signed by Magistrate Judge W. Leon Barfield ) (esi) (Entered: 09/03/2004) |

U.S. ... COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

... 5 PM 10: 17

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INFORMATION** |
| | ) | |
| Plaintiff, | ) | Case No. **CR104-021** |
| | ) | |
| v. | ) | Expired Registration |
| | ) | 18 U.S.C. §§ 7 & 13 |
| | ) | O.C.G.A. § 40-2-8(b)(2)(A) |
| MICHAEL W. MOORE, | ) | |
| | ) | Fleeing and Eluding |
| Defendant. | ) | 18 U.S.C. §§ 7 & 13 |
| | ) | O.C.G.A. § 40-6-395 |
| | ) | |
| | ) | DUI on Military Reservation |
| | ) | 18 U.S.C. §§ 7 & 13 |
| | ) | O.C.G.A. § 40-6-391(a)(1) |
| | ) | O.C.G.A. § 40-6-391(a)(5) |
| | ) | |
| | ) | Simple Assault |
| | ) | 18 U.S.C. § 113(a)(5) |
| | ) | |

ATTEST: A TRUE COPY

_____, 200_
_____
Deputy Clerk

THE UNITED STATES ATTORNEY CHARGES THAT:

On or about the 14th of January, 2004, in the Southern
District of Georgia, the defendant,

MICHAEL W. MOORE,

at a place within the special maritime and territorial
jurisdiction of the United States, namely, the Fort Gordon
Military Reservation, on land acquired for the use of the United
States and under its exclusive jurisdiction, was unlawfully
driving a motor vehicle without a current and valid license plate,
in violation of Title 18, United States Code, Sections 7 and 13
and the Official Code of Georgia Annotated, Section 40-2-
8(b)(2)(A).

- 1 -

Case 6:07-cr-00010-JCM Document 1 Filed 01/25/07 Page 6 of 16

## COUNT TWO

On or about the 14th day of January, 2004, in the Southern District of Georgia, the defendant,

### MICHAEL W. MOORE,

at a place within the special maritime and territorial jurisdiction of the United States, namely, the Fort Gordon Military Reservation, on land acquired for the use of the United States and under its jurisdiction, while driving a motor vehicle, did willfully fail and refuse to bring his vehicle to a stop and otherwise fled and attempted to elude a pursuing police officer when given a visual and audible signal to bring the vehicle to a stop, in violation of Title 18, United States Code, Sections 7 and 13 and the Official Code of Georgia Annotated, Section 40-6-395.

## COUNT THREE

On or about the 30th day of January 2004, in the Southern District of Georgia, the defendant,

### MICHAEL W. MOORE,

at a place within the special maritime and territorial jurisdiction of the United States, namely, the Fort Gordon Military Reservation, on land acquired for the use of the United States and under its jurisdiction, was unlawfully driving a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive, in violation of Title 18, United States Code, Sections 7 and 13 and the Official Code of Georgia Annotated, Section 40-6-391(a)(1).

Case 6:07-cr-00010-JCM Document 1 Filed 04/25/27 Page 7 of 16

## COUNT FOUR

On or about the 30th day of January 2004, in the Southern District of Georgia, the defendant,

MICHAEL W. MOORE,

at a place within the special maritime and territorial jurisdiction of the United States, namely, the Fort Gordon Military Reservation, on land acquired for the use of the United States and under its jurisdiction, was unlawfully driving a moving vehicle while his alcohol concentration was in excess of 0.08 grams, this concentration being present at a time within three hours after such driving ended, from alcohol consumed before such driving ended, in violation of Title 18, United States Code, Sections 7 and 13 and the Official Code of Georgia Annotated, Section 40-6-391(a)(5).

## COUNT FIVE

On or about the 30th day of January, 2004, in the Southern District of Georgia, the defendant,

MICHAEL W. MOORE,

at a place within the special maritime and territorial jurisdiction of the United States, namely, the Fort Gordon Military Reservation, on land acquired for the use of the United States and under its exclusive jurisdiction, did knowingly assault

Robin Lynn Wobig, by hitting her head with his hand, in violation of Title 18, United States Code, Section 113(a)(5).

PAUL B. MURPHY
UNITED STATES ATTORNEY

Ryan D. Chandlee
Special Assistant U.S. Attorney
MN Bar No. 0302454
Office of the Staff Judge Advocate
Fort Gordon, GA 30905-5280
(706) 791-5153 Fax 791-1545

U.S. _____ COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION                    ___ ___ -5  __ __ 17

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. MOORE,<br><br>Defendant. | Case No. **CR104-021**<br>Expired Registration<br>18 U.S.C. §§ 7 & 13<br>O.C.G.A. § 40-2-8(b)(2)(A)<br><br>Fleeing and Eluding<br>18 U.S.C. §§ 7 & 13<br>O.C.G.A. § 40-6-395<br><br>DUI on Military Reservation<br>18 U.S.C. §§ 7 & 13<br>O.C.G.A. § 40-6-391(a)(1)<br>O.C.G.A. § 40-6-391(a)(5)<br><br>Simple Assault<br>18 U.S.C. § 113(a)(5) |

ATTEST: A TRUE COPY

_01/14_____ , 20_2_

_____
Deputy Clerk

## PENALTY CERTIFICATION

The undersigned Special Assistant United States Attorney

hereby certifies that the maximum penalties for the offenses

charged in the information are as follows:

> **COUNT ONE:**   18 U.S.C §§ 7 & 13
>                  O.C.G.A. § 40-2-8(b)(2)(A)
>
> A FINE OF NOT MORE THAN $100.00;
> AND A $5 SPECIAL ASSESSMENT FEE.
>
> **COUNT TWO:**   18 U.S.C. §§ 7 & 13
>                  O.C.G.A. § 40-6-395
>
> NOT LESS THAN 10 DAYS NOR MORE THAN
> ONE YEAR IMPRISONMENT; A FINE OF NOT
> LESS THAN $500.00 NOR MORE THAN
> $5,000.00; AND A $25 SPECIAL ASSESSMENT FEE.

-2-

**COUNT THREE:** 18 U.S.C. §§ 7 & 13
            O.C.G.A. § 40-6-391(a)(1)

NOT LESS THAN 10 DAYS NOR MORE THAN
ONE YEAR IMPRISONMENT; A FINE OF NOT
LESS THAN $300.00 NOR MORE THAN
$1,000.00; NOT LESS THAN 40 HOURS
COMMUNITY SERVICE; A TERM OF SUPERVISED
RELEASE OF NOT MORE THAN ONE (1) YEAR;
AND A $25 SPECIAL ASSESSMENT FEE.


**COUNT FOUR:** 18 U.S.C. §§ 7 & 13
            O.C.G.A. § 40-6-391(a)(5)

NOT LESS THAN 10 DAYS NOR MORE THAN
ONE YEAR IMPRISONMENT; A FINE OF NOT
LESS THAN $300.00 NOR MORE THAN
$1,000.00; NOT LESS THAN 40 HOURS
COMMUNITY SERVICE; A TERM OF SUPERVISED
RELEASE OF NOT MORE THAN ONE (1) YEAR;
AND A $25 SPECIAL ASSESSMENT FEE.

**COUNT FIVE:** 18 U.S.C. § 113(a)(5)

NOT MORE THAN SIX (6) MONTHS IMPRISONMENT;
NOT MORE THAN A $5,000 FINE, OR BOTH; AND
A $10 SPECIAL ASSESSMENT.



This  4th  day of  March  , 2004.


                    Respectfully submitted,

                    PAUL B. MURPHY
                    UNITED STATES ATTORNEY



                    Ryan D. Chandlee
                    Special Assistant U.S. Attorney
                    MN Bar No. 0302454
                    Office of the Staff Judge Advocate
                    Fort Gordon, GA  30905-5280
                    (706) 791-5153 Fax 791-1545

AO 245B (Rev 3/01)   Judgment in a Criminal Case
Sheet 1

# United States District Court

## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2004 MAY 15  PM 4: 26

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| MICHAEL MOORE | CASE NUMBER:   CR104-0021-001 |

CLERK
SO. DIST. OF GA

WILLIAM MARCUM
Defendant's Attorney

ATTEST: A TRUE COPY
_____ a118 _____, 20__
_____
Deputy Clerk

## THE DEFENDANT:

[X]   pleaded guilty to Counts FOUR and FIVE .

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 7 & 13; O.C.G.A. 391(a)(5 | OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL and ASSAULT | January 30, 2004 | 4 and 5 |

The defendant is sentenced as provided in pages 2 through   5  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X]   Counts 1, 2 and 3 are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No:   _____

Defendant's Date of Birth:   05/14/79

Defendant's U.S.M. Number:   _____

Defendant's Residence Address:

_____

_____

Defendant's Mailing Address:
190 Blake Drive
Augusta GA 30909

05/18/04

Date of Imposition of Judgment

_____
Signature of Judicial Officer

W. LEON BARFIELD
U. S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

June 15, 2004
Date

DEFENDANT: MICHAEL MOORE
CASE NUMBER: CR104-0021-001

## PROBATION

The defendant is hereby sentenced to probation for a term of <u>24 months as to Count 4 and  12 months on Count 5 consecutively</u>.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

      The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

[ ]      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

[X]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

      The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)      the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)      the defendant shall support his or her dependents and meet other family responsibilities;

5)      the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons,

6)      the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)      the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)     the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 3/01) Judgment in a Criminal Case:
        Sheet 4C  -  Probation

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program of testing for drug and alcohol abuse and, if the probation officer determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse as directed by the probation officer, until such time as the defendant is released from the program by the Court. The cost of treatment shall be paid by the defendant in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant shall complete 40 hours of community service during the first 10 months of probation as directed by the probation officer.

The defendant shall participate in a program of anger management/mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the Court. The cost of treatment shall be paid by the defendant in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant shall comply with the conditions of home confinement/electronic monitoring for a period of 10 days. During this time, the defendant will remain at his/her place of residence at all times and shall not leave except when such leave is approved in advance by the probation officer. The defendant will maintain a telephone at his/her place of residence without call forwarding, caller ID, call waiting, a modem, or cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The cost of electronic monitoring shall be paid by the defendant in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)    _____        _____
                    Defendant                                              Date


                    _____        _____
                    U. S. Probation Officer/Designated Witness            Date

DEFENDANT: MICHAEL MOORE
CASE NUMBER: CR104-0021-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments, set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $30.00 | $750.00 | |

[ ] The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | $0.00 | $0.00 | |
| Totals: | $0.00 | $0.00 | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement $ ____

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] The interest requirement is waived for the [ ] fine and/or [ ] restitution.
    [ ] The interest requirement for the [ ] fine and/or [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 3/01) Judgment in a Criminal Case:
    Sheet 6 - Criminal Monetary Penalties

DEFENDANT: MICHAEL MOORE
CASE NUMBER: CR104-0021-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X]    Lump sum payment of $ 30.00 due immediately, balance due

       [ ] not later than ___; or
       [X] in accordance with [X] C, [ ] D, or [ ] E below; or

B [ ]    Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] E below); or

C [X]    Payment in equal monthly installments of $ 75.00 over a period of ten months, to commence as directed after the date of this judgment; or

D [ ]    Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [X]    Special instructions regarding the payment of criminal monetary penalties:

       DEFENDANT SHALL INCLUDE CASE NUMBER CR104-021 WHEN MAKING PAYMENTS PAYABLE TO

       **CLERK, U. S. DISTRICT COURT, P. O. BOX 1130, AUGUSTA, GA 30903**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several
       Defendant Name, Case Number, and Joint and Several Amount:

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) community restitution; (6) fine interest; (7) penalties, and (8) costs, including cost of prosecution and court costs.

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA

             vs.

MICHAEL MOORE

CASE NO.  CR104-021-01

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1.    Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below;
and

2.    That the aforementioned envelope(s) contain a copy of the documents known as judgment _____ dated June 15, 2004 _____, which is part of the official records of this case.

Date of Mailing:    June 17, 2004

Date of Certificate:  June 17, 2004

SCOTT L. POFF, CLERK

By:   *C. Reynolds*

NAME:

1.  Michael W. Moore  190 Blake Dr  Augusta GA 30906
2.  William J. Marcum, Esq.
3.  _____
4.  _____
5.  _____
6.  _____
7.  _____

| Cert/Copy | | | Cert/Copy | | |
|---|---|---|---|---|---|
| ☐ | ☐ District Judge | | ☐ | ☐ Dept. of Justice | |
| ☐ | ☒ Magistrate Judge | | ☐ | ☐ Dept. of Public Safety | |
| ☐ | ☒ Minutes | | ☐ | ☐ Voter Registrar | |
| ☒ | ☐ U.S. Probation | | ☐ | ☐ U.S. Court of Appeals | |
| ☐ | ☐ U.S. Marshal | | ☐ | ☐ Nicole/Debbie | |
| ☐ | ☐ U.S. Attorney | | ☐ | ☐ Ray Stalvey | |
| ☐ | ☒ JAG Office | | ☐ | ☑ Cindy Reynolds | |